UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| JOSH LIMAS | § | |
|---|---|---|
| | § | **CIVIL ACTION NO. 5:20-CV-147** |
| **Plaintiff** | § | |
| | § | |
| VS. | § | |
| | § | |
| WASHINGTON INVESTMENTS, INC. | § | |
| | § | |
| **Defendant** | § | |

## FIRST AMENDED COMPLAINT

TO THE U.S. DISTRICT JUDGE:

**COMES NOW**, Plaintiff JOSH LIMAS and brings this cause of action against WASHINGTON INVESTMENTS, INC., ("WASHINGTON INVESTMENTS"). WASHINGTON INVESTMENTS, INC., owns, controls, manages, and leases out the real estate, property, and improvements in Hebbronville, Texas where a business named Kwik Pantry operates. Mr. LIMAS respectfully shows that the Defendant's real estate, property, and improvements at the location are not accessible to individuals with mobility impairments and disabilities, in violation of federal law.

## I. CLAIM

1. Mr. LIMAS, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

2. Defendant refused to provide Mr. LIMAS and others similarly situated

with sufficient ADA-compliant parking in the parking lot that serves the Kwik Pantry. The Hebbronville location does not provide an ADA-Compliant Van Accessible disabled parking space. Based on these facts, WASHINGTON INVESTMENTS has denied Mr. LIMAS the ability to enjoy the goods, services, facilities, privileges, advantages, and accommodations at Kwik Pantry.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in Hebbronville, Texas where the Kwik Pantry business is located.

## PARTIES

5.     Plaintiff JOSH LIMAS is an Honorably-discharged and Disabled Veteran, who served who served as an Army Infantry soldier in Afghanistan. Mr. Limas has difficulty walking, is disabled, and has injuries to his shoulder, foot, and back. Mr. LIMAS has significant mobility impairments and uses assistive devices for mobility. Mr. Limas has a disability rating from the Veteran's Administration. He is a "qualified individual with a disability" within the meaning of ADA Title III.

6.     Defendant WASHINGTON INVESTMENTS, INC., owns, manages, controls, and leases out the improvements and building where the Kwik Pantry is situated.  The address of Kwik Pantry is 520 W. Viggie, Hebbronville, TX 78361. As a retail store, the business is a place of public accommodation, operated by a private entity,

whose operations affect commerce within the meaning of Title III of the ADA.

7.      Defendant WASHINGTON INVESTMENTS, INC., is domestic corporation with addresses of 25511 Wesley Park, San Antonio, TX 78261 and 21619 Moortown Circle, Katy, TX 77450 according to records from the Jim Hogg Appraisal District. The registered agent for Washington Investments, Inc., is Amir A. Dosani who can be served process at 21619 Moortown Circle, Katy, TX 77450.

## II. FACTS

8.      Kwik Pantry is a business establishment and place of public accommodation in Hebbronville, Texas. Kwik Pantry is situated on real estate, property, and improvements owned, controlled, managed, and leased out by WASHINGTON INVESTMENTS, INC.

9.      Kwik Pantry is not accessible to disabled individuals because it has zero ADA-Compliant Van Accessible parking spaces in the parking lot that serves the business. The location is missing disabled parking signs, an access aisle, and there are no disabled parking spaces.

10.     Pictures taken at the location prove this:



Kwik Pantry in Hebbronville TX. No Van Accessible space. No Access aisle (must have 96" side access aisle, aisle cannot be in the path of traffic). No Disabled Parking sign.



Kwik Pantry in Hebbronville TX. No Van Accessible space. No Access aisle (must have 96" side access aisle, aisle cannot be in the path of traffic). No Disabled Parking sign.



Kwik Pantry in Hebbronville TX. No Van Accessible space. No Access aisle (must have 96" side access aisle, aisle cannot be in the path of traffic). No Disabled Parking sign.



Kwik Pantry in Hebbronville TX. No Van Accessible space. No Access aisle (must have 96" side access aisle, aisle cannot be in the path of traffic). No Disabled Parking sign.



Kwik Pantry in Hebbronville TX. No Van Accessible space. No Access Aisle.
(Must have 96" wide side access aisle, cannot be in path of traffic). No Sign.

11.     The Plaintiff went to KWIK PANTRY property located at 520 W Viggie, Hebbronville, TX 78361 in August of 2020.

12.     In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. These violations denied the Plaintiff full and equal access to facilities, privileges and accommodations offered by the Defendant. Plaintiff has the intent to return to the Kwik Pantry.

13.     Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because Defendant intended this configuration; (3) Defendant has the means and ability to make the change; and (4) the changes to bring the property into compliance are "readily

achievable."

14.     The Defendant's Hebbronville location does not have the required number of ADA parking spaces.  With 1-25 parking spaces, Defendant must have <u>one</u> ADA-compliant Van Accessible space (96" Wide with 96" Side Access Aisle).  This space must be located close to the entrance of the business. *See* pictures above**,** and **Exhibit 1**. The access aisle cannot be in the path of vehicular travel.

15.     There are no Van Accessible Disabled Parking spaces at the Kwik Pantry in Hebbronville, Texas.

16.     The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been federal law for 30 years.

### III. CAUSE OF ACTION - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

17.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

18.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

> a.     A failure to make reasonable modifications in policies practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of

those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b.     A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2) (A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

19.    Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 Standards"), section 208.2, if a business provides between 1 and 25 parking spaces, Defendant must have at least <u>one</u> ADA-compliant Van Accessible space (96" Wide with 96" Side Access Aisle) near the business entrance. *See* **Exhibit 1**.

20.    Here, the Defendant did not provide a sufficient number of ADA-compliant parking spaces in its parking lot, although doing so is easily and readily done, and therefore violated the ADA.  This is a violation of the law and is discriminatory.

**IV. RELIEF REQUESTED**

<u>Injunctive Relief</u>

21.    Mr. LIMAS will continue to experience unlawful discrimination as a result of Defendant's refusal to comply with the ADA. Injunctive relief is necessary so he

and all individuals with disabilities can access the Defendant's property equally, as required by law, and to compel Defendant to repave and restripe the parking lot to comply with the ADA. Injunctive relief is also necessary to compel Defendant to keep the property in compliance with federal law.

Declaratory Relief

22.    Mr. LIMAS is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendant's location.

23.    The facts are undisputed and Defendant's non-compliance with the ADA has been proven through on-site photographs.  Plaintiff proves a *prima facie* case of ADA violations by the Defendant.

Attorneys' Fees and Costs

24.    Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## V.  PRAYER FOR RELIEF

THEREFORE, Mr. LIMAS respectfully requests this Court award the following relief:

A.  A permanent injunction, compelling Defendant to comply with the Americans with Disabilities Act; and enjoining Defendant from violating the ADA and from discriminating against Mr. LIMAS and those similarly-situated, in violation of the law;

B.  A declaratory judgment that Defendant's actions are a violation of the ADA;

9

C.  Find that Mr. LIMAS is the prevailing party in this action, and order

Defendant liable for Plaintiff's attorneys' fees, costs, and litigation expenses; and,

D.  Grant such other and additional relief to which Plaintiff may be entitled in this

action.


DATED: FEBRUARY 9, 2020       Respectfully,

By:    <u>/s/ R. Bruce Tharpe</u>
       R. Bruce Tharpe

**LAW OFFICE OF**
**R. BRUCE THARPE, PLLC**
PO Box 101
Olmito, TX 78575
(956) 255-5111 (Tel)
Email: questions@BruceTharpeLaw.com

ATTORNEY OF RECORD FOR
 PLAINTIFF JOSH LIMAS